Wright, J.:
It is conceded on all hands that if an action upon the case was commenced in the court of common pleas, and the plaintiff filed a declaration in trespass, the declaration would abate the writ, because he does not pursue the suit he' commenced. Gould’s Pl. 28, 196, 269; 4 Bac. Ab. 40. I understand our statutes expressly to require eases appealed to be conducted in the same manner as if originally commenced in the court of common pleas. 29 Ohio L. 178. If this is so, it is not for me to alter the law.
The statute requires of justices of the peace, in cases of appeal, ' to transmit the original papers to the court of common pleas, to be used on-the trial in that court. 29 Ohio L. 178. It moreover requires the appealed suit to be in all things conducted, in the court of common pleas as if originally commenced in that court (29 Ohio L. 178); and it requires of the clerk to include the original writ in the final record. 29 Ohio L. 76.
A similar provision as to certifying up the original papers exists where a case is appealed from the common pleas to the Supreme Court, and for the final record. 29 Ohio L. 178. If this were a case in which slander was commenced before the court of common pleas, and a declaration in assumpsit in the Supreme *549 Court, or case brought in the court below, and a declaration above in trespass, I can not conceive there would be any doubt that the suit would abate. In the case before us, the plaintiff brought an action on the'case before the justice, became nonsuit, appealed to the common pleas, and then, instead of prosecuting his action on the case, he declared in trespass with force and arms. He has appealed one case, and proceeds in another.
^However desirable it may be to have the law, as my [540-brethren declare it, so as to allow the same object to be pursued after an appeal in any more expedient form than that originally commenced, I am constrained to think it is not now so.